KAREN P. HEWITT
United States Attorney
NICOLE ACTON JONES
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5482
E-mail: nicole.jones@usdoj.gov

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08CR1363-BTM |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S RESPONSE AND** |
| ) | **OPPOSITION TO DEFENDANT'S MOTIONS:** |
| v. ) | |
| ) | **(1) TO COMPEL DISCOVERY;** |
| ) | **(2) TO DISMISS COUNT 5; AND** |
| ROGER VALDEZ-ARIZPE (1), ) | **(3) FOR LEAVE TO FILE FURTHER MOTIONS** |
| GUILLERMO SORIA-VALDEZ (2) ) | |
| ) | **TOGETHER WITH STATEMENT OF FACTS** |
| Defendants. ) | **AND MEMORANDUM OF POINTS AND** |
| ) | **AUTHORITIES** |
| ) | Date:   July 27, 2008 |
| ) | Time:   2:00 p.m. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Nicole Acton Jones, Assistant United States Attorney, and hereby files its Response and Opposition to the above-captioned motions. Said Response is based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

// 

//

# I

## STATEMENT OF THE CASE

On April 30, 2008, a federal grand jury in the Southern District of California returned a six-count Indictment charging defendants Roger Valdez-Arizpe and Guillermo Soria-Valdez with four counts of Transportation of Illegal Aliens for Financial Gain, in violation of Title 8, United States Code, Section 1324 and one count each of Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326. On May 1, 2008, both Defendants were arraigned on the Indictment and entered a plea of not guilty.

# II

## STATEMENT OF FACTS

**A.   DEFENDANTS' APPREHENSION**

On April 15, 2008, Border Patrol Agent LaHart observed two suspicious vehicles (a tan pickup and a white Mercury) driving in tandem on Tierra Del Sol Road. This location is about 18 miles east of the Tecate, California Port of Entry and is at most 6 miles from the border. Agents LaHart and Hallmark conducted a vehicle stop on the two vehicles. Agent Hallmark stopped the white Mercury and discovered a total of eight illegal aliens, including the driver, Defendant Roger Valdez-Arizpe. Agent LaHart stopped the tan pickup and discovered a total of 18 illegal aliens, including the driver Guillermo Soria-Valdez. Both Defendants were arrested and taken to the Campo Border Patrol Station for further processing.

At the station, both Defendants were advised of their <u>Miranda</u> rights and both Defendants elected to invoke their right to remain silent. After Defendants were processed, it was determined that both Defendants had previously been deported from the United States to Mexico.

**B.   DEFENDANTS' CRIMINAL HISTORY**

   1.   <u>Defendant Roger Valdez-Arizpe</u>

In December 2006, Valdez-Arizpe was convicted of a DUI and was sentenced to 180 days in custody. In July 1996, Valdez-Arizpe was convicted of Robbery with a Firearm and was sentenced to nine years in custody. The United States believes that Valdez-Arizpe has seven criminal history points and is a criminal history category IV.

1        2.      <u>Defendant Guillermo Soria-Valdez</u>

2  In September 2004 and again in August 2006, Soria-Valdez was convicted of violating California

3  Health and Safety Code Section 11352 and was sentenced to three years in custody in both cases.  In

4  January 2001, Soria-Valdez was convicted of violating California Penal Code Section 10851 and was

5  initially sentenced to 270 days in custody and, after a probation revocation, was sentenced to an

6  additional 485 days in custody.  In October 1999, Soria-Valdez was convicted of violating California

7  Health and Safety Code Section 11350 and was sentenced to 180 days in custody.  The United States

8  believes that Soria-Valdez has at least 14 criminal history points and is a criminal history category VI.

9  **C.  DEFENDANTS' IMMIGRATION HISTORY**

10       1.      <u>Defendant Roger Valdez-Arizpe</u>

11  Valdez-Arizpe was ordered administratively deported from the United States to Mexico on or about

12  March 16, 2005.  Valdez-Arizpe was physically removed from the United States to Mexico on March

13  17, 2005 through the Calexico Port of Entry.  Valdez-Arizpe was most recently removed from the United

14  States to Mexico on January 26, 2007, through the San Ysidro Port of Entry.

15       2.      <u>Defendant Guillermo Soria-Valdez</u>

16  On January 18, 2006, Soria-Valdez waived a hearing before an immigration judge and stipulated

17  to an order of deportation.  On January 23, 2006, an immigration judge ordered Soria-Valdez deported

18  from the United States to Mexico.  On January 25, 2006, Soria-Valdez was physically removed from the

19  United States to Mexico on through the San Ysidro Port of Entry.  Soria-Valdez was most recently

20  removed from the United States to Mexico on February 7, 2006 through the Nogales Port of Entry.

21  **III**

22  **<u>DEFENDANT VALDEZ-ARIZPE'S MOTIONS</u>**

23  **A.  <u>MOTION TO COMPEL DISCOVERY</u>**

24      **1.    Discovery in this Matter is Current**

25  The Government has and will continue to fully comply with its discovery obligations. To date,

26  the Government has provided Defendant with 245 pages of discovery and three DVDs.  The

27  discovery produced to date includes the reports of Defendant's arrest, the material witness

28  statements, a copy of his A-file documents, his rap sheet, and his aggravated felony conviction

documents. Furthermore, the Government will request that the arresting agency preserve any evidence the Government intends to introduce in its case-in-chief or that may be material to the defense.

**2. The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. As set forth above, the Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests other specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

//
//
//

**3.    The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

   *a.    Reports*

Defendant has requested an unredacted Report of Investigation as well as any subsequent ROIs written by the case agent or any other agent. [Memorandum at 4.] The United States objects to this request. The Government did not redact any relevant, discoverable information from the ROI, rather, the redactions were designed to protect private information associated with individuals besides the defendant, including A numbers, dates of birth and street addresses. The United States also objects to the request to produce any subsequent ROIs. The Government will comply with its discovery obligations under Rule 16, Brady and Jencks, but not all ROIs are necessarily discoverable. Indeed, Rule 16(a)(2), specifically states that reports by a government agent in connection with investigating or prosecuting a case are NOT subject to disclosure under Rule 16.

   *b.    Impeachment Evidence*

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision. [Memorandum at 7.] Nor is Defendant entitled to evidence that a prospective witness has ever engaged in a criminal act or is under criminal investigation by federal, state, or local authorities. [Id.] The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the United States intends to call in its case-in-chief. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

   *c.    Witness Lists*

Defendant has been provided with a copy of the arrest report which includes the names of the individuals who participated in Defendant's apprehension and he has also been provided with the names of the smuggled aliens. The Government objects to any request that the United States provide a list of every witness to the crimes charged who will not be called as a United States witness. [Memorandum

at 8.] "There is no statutory basis for granting such broad requests," and a request for the names and addresses of witnesses who will not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(c)." United States v. Hsin-Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502 (D. Del. 1980)).

### d.     *Grand Jury Transcripts*

The Government will produce the grand jury transcript of any witness who will testify at trial. The Government objects to Defendant's request that such transcripts be produced in relation to his motion to dismiss the indictment.   [Memorandum at 8.]

### e.     *Personnel Records of Government Officers Involved in the Arrest*

The Government objects to Defendant's request that the Government reveal all citizen complaints, and internal affair inquiries into the inspectors, officers, and special agents who were involved in this case – regardless of whether the complaints or inquiries are baseless or material and regardless of whether the Government intends to call the inspectors, officers, and special agents to testify. [Memorandum at 9.]  As previously noted, the Government will comply with Henthorn and disclose to Defendant all material incriminating information regarding the testifying Government inspectors, officers, and special agents.

### f.     *Training of Relevant Law Enforcement Officers*

The Government objects to providing to Defendant a copy of all policies, training instructions, and manuals issued by all law enforcement agencies involved in this case. [Memorandum at 10.]   The requested policies, training instructions, and manuals are irrelevant and do not fall within the scope of Rule 16, or any other statutory or Constitutional disclosure provision.  Even if one or more of the inspectors, officers, or special agents violated his or her own administrative regulations, guidelines, or procedures, such violations would not result in the exclusion of evidence if Defendant's Constitutional and statutory rights were not violated in this case. United States v. Caceres, 440 U.S. 741, 744 (1979); United States v. Hinton, 222 F.3d 664 (9th Cir. 2000).

### g.     *Performance Goals and Policy Awards*

The Government objects to providing Defendant with information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of all law enforcement officers involved

in this case. [Memorandum at 10.]  The requested information regarding the agency standards used for measuring, compensating, or reprimanding the conduct of the law enforcement officers is irrelevant and does not fall within the scope of Rule 16, exculpatory evidence under Brady, impeachment evidence under Giglio, or any other authority governing disclosure.

### h.     TECS Records

The Government objects to providing Defendant with complete vehicle crossing reports from the Treasury Enforcement Communications System ("TECS"). [Memorandum at 10.] To begin, this is not a Port of Entry case and TECS reports are irrelevant.  Moreover, TECS reports are not subject to Rule 16(c) because the reports are neither material to the preparation of the defense, nor intended for use by the Government as evidence during its case-in-chief.  The TECS reports are not Brady material because the TECS reports do not present any material exculpatory information or any evidence favorable to Defendant that is material to guilt or punishment.  If the Government intends to introduce TECS information at trial, discovery of the relevant TECS reports will be made at least by the time of the filing of its trial memorandum.

### i.     A-File of Material Witnesses

The Government objects to Defendant's request to view the A-files of the material witnesses.  If any relevant, discoverable A-file documents exist, they will be produced. [Memorandum at 11.] Defendant has cited no authority to support the right to view another person's A-file.

## B.   THE INDICTMENT IS SUFFICIENT

### 1.     The Indictment Contains All Necessary Elements

Defendant contends that the Court should dismiss the indictment for failure to allege that he knew he was in the United States and that he voluntarily entered the United States.  As Defendant has acknowledged, this argument has been rejected by the Ninth Circuit in United States v. Rivera-Sillas, 417 F.3d 1014 (9th Cir. 2005).

A "found in" offense under 8 U.S.C. § 1326 is a general intent crime. Id. at 1020.  An indictment that alleges that the defendant is "a deported alien subsequently found in the United States without permission suffices [to allege general intent].'" Id. (citations omitted).

1  Defendant further claims that the indictment is also deficient for failure to undergo inspection and
2  admission by an immigration officer at the nearest inspection checkpoint. The Ninth Circuit also
3  foreclosed this argument in Rivera-Sillas, 417 F.3d at 1019-20. The Rivera-Sillas court specifically held
4  that the Government was not required to charge all the elements of entry. Id. at 1020. The Government
5  need not plead and prove entry in order to charge or convict an alien with a § 1326 'found in' crime.
6  Id. Consequently, this motion should also fail.

### 2. The Indictment Need Not Allege a Prior Conviction

Defendant argues that the Indictment is insufficient because it fails to allege that (1) Defendant was removed subsequent to a prior conviction or (2) the specific date of a prior removal. Defendant's first contention is interesting because the Government is quite certain Defendant would strenuously object if the Government had specified Defendant's prior conviction for robbery in the charging document. In any case, Defendant's arguments are foreclosed by Ninth Circuit precedent in United States v. Covian-Sandoval, 462 F.3d 1090, 1096-98 (9th Cir. 2006) (holding that the fact of a prior conviction need not be submitted to the jury) and United States v. Salazar-Lopez, 506 F.3d 748, 752 (9th Cir. 2007) (holding that "the date of the removal, *or at least the fact that [defendant] had been removed after his conviction*, should have been alleged in the indictment and proved to the jury"). The Indictment in this case specifically alleges the fact that Defendant was removed after the date of his relevant convictions. Defendant's motion to dismiss on this ground should be denied.

### C. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue.

//
//
//
//
//
//

# IV

# **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that Defendant Valdez-Arizpe's motions be denied except where unopposed.

DATED: June 20, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney


/s/ *Nicole Acton Jones*
NICOLE ACTON JONES
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER VALDEZ-ARIZPE (1),<br>GUILLERMO SORIA-VALDEZ (2)<br><br>Defendant. | ) Criminal Case No. 08CR1363-BTM<br>)<br>)<br>)<br>)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

I, NICOLE ACTON JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Leila Morgan, Federal Defenders of San Diego, Inc.
2. Antonio Yoon
3. Ciro Hernandez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2008.

                                                  /s/ ***Nicole Acton Jones***
                                                NICOLE ACTON JONES
                                                Assistant U.S. Attorney